# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO PEREZ, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-12-2114 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN MONICA RECTENWALD, : | |
| : | |
| Respondent : | |

# M E M O R A N D U M

## I.   Introduction

Wilfredo Perez, an inmate presently housed at FCI Allenwood, White Deer, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims his due process rights were violated during the course of a disciplinary hearing held on September 15, 2011, where he was found guilty of Use of Any Narcotic Not Prescribed by Medical Staff, a violation of Disciplinary Code Section 112.  Mr. Perez alleges the existence of a "gaping hole" in the Bureau of Prison's chain of custody regarding the urine specimen he provided for drug testing which renders it inherently unreliable for the purposes of a disciplinary action against him.  Specifically, he alleges that the Disciplinary Hearing Officer (DHO) relied on the lab report of another inmate, and not the report based on his urine specimen, when finding him guilty of the charged offense.  (Doc. 1, Pet.) As relief he seeks the expungement of the incident report and sanctions, and

restoration of his forfeited good conduct time. Also pending are Mr. Perez's Motion for Discovery (Doc. 7) and Motion for Judicial Intervention (Doc. 9). The petition is ripe for disposition and, for the reasons that follow, it will be denied as will as the pending motions.

**II.     Standard of Review**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Burns v. PA Dept. of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011). Because federal inmates have a protected liberty interest in good-time credit, it cannot be taken without due process. *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013). A challenge to a disciplinary action that resulted in the loss of good time credit is actionable under § 2241 because it affects the duration of the petitioner's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

**III.    Facts**

On August 30, 2011, at 7:38 p.m., Mr. Perez provided Bureau of Prison (BOP) officials with a urine specimen identified as Specimen ID No. BOP 0001355597. (Doc. 5-1, ECF p. 12.) Mr. Perez signed the BOP Chain of Custody Form affirming that he "provided th[e] specimen for the purpose of a drug screen. [He] acknolwege[d] that the container was sealed with the tamper-proof seal in [his]

presence and that the specimen number provided on [the Chain of Custody Form] and on the label affixed to the specimen container [were] the same," No. BOP0001355597. (*Id.*)

The specimen showed an initial on-site positive result of opiates. (*Id.*, ECF pp. 11-12) The test was mailed to National Toxicology Lab, Inc., on August 31, 2011, for confirmation of the positive result. (*Id.*, ECF p. 10.) On September 6, 2011, prison officials received notification from National Toxicology that urine specimen No. BOP0001355597 was confirmed positive for Opiates (Morphine). (*Id.*, ECF pp. 10 and 13.) Medical staff at the institution reviewed Mr. Perez' medical records to verify he was not receiving any medication that would cause a positive result for Opiates. (*Id.*, ECF p. 10 and 14.) Mr. White issued Mr. Perez incident report No. 2207244 charging him with Use of Any Narcotics Not Prescribed by Medical Staff, a violation of Code 112, on September 6, 2011. (*Id.*, ECF p. 10.)

On September 10, 2011, the Unit Disciplinary Committee (UDC) held a hearing to review the incident report. (*Id.*) Mr. Perez was provided with a Notice of Disciplinary Hearing Before the Disciplinary Hearing Officer and Inmate Rights at Disciplinary Hearing Form the same day. (*Id.*, ECF pp. 16-17.) After reviewing the matter, the UDC referred it to the DHO for resolution. (*Id.*, ECF p. 10.)

Mr. Perez requested staff representation but waived his right to call witnesses. (*Id.*, ECF p. 17.) On September 15, 2011, Mr. Perez appeared for a hearing before DHO, K. Bittenbender. (*Id.*, ECF pp. 19-21.) At the hearing Mr. Perez was represented by Corrections Counselor W. Fink. (*Id.*, ECF p.19.) Mr.

Perez was again advised of his rights, and he indicated that he understood them. (*Id.*) At the hearing Mr. Perez admitted to the charge, and stated, "[t]he report is true." (*Id.*)

The DHO relied on the August 30, 2011, report written by Officer Ott who escorted Mr. Perez to the restroom to collect the urine sample (*Id.*, ECF p. 11), the BOP's Chain of Custody Form signed by Mr. Perez (*Id.*, ECF p. 12), the September 6, 2011, Incident Report (*Id.*, ECF p. 10), and the National Toxicology report that urine specimen No.: BOP0001355597 was positive for Opiates (Morphine)(*Id.*, ECF p. 13).[1] *See Id.*, ECF pp. 19-20. The DHO relied upon the report by Health Services which verified that Mr. Perez was not prescribed any medication that would cause a positive test for Opiates as well as Mr. Perez's admission of guilt ("the report is true"). (*Id.*, ECF p. 20.)

After considering the above cited evidence, and Mr. Perez's testimony, the DHO concluded that, based on the greater weight of the evidence, Mr. Perez had committed the Code 112 violation, use of any narcotic not prescribed by medical staff, on August 30, 2011. (*Id.*, ECF p. 20.) For the Code 112 violation, Mr. Perez was sanctioned with disallowance of 54 days of good conduct time, 60 days of

---

[1] Although Section D of the DHO's report mistakenly references the National Toxicology Laboratories Inc. Report for MARCIAL-SANTOS #23125-069 (Doc. 5-1, ECF p. 19), it is clear that the DHO, in Section V, cites to the National Toxicology Lab, Inc. for the same urine specimen identification number that Mr. Perez certified matches the number on his urine specimen bottle as noted on the Federal Bureau of Prison Chain of Command Form. *See* Doc. 5-1, ECF p. 12, 13 and 20.) Moreover, the Respondent has supplied the Court with copies of all relevant reports related to Mr. Perez's urine specimen including the initial chain of custody document identifying Mr. Perez's specimen number, and the positive toxicology report matching the same identification number.

disciplinary segregation, forfeiture of 200 days non vested good conduct time, and 8 months of loss of phone, visitation, and contact visits. (*Id.*) He also was fined $21.51. The decision was delivered to Mr. Perez on September 15, 2011. (*Id.*)

**IV.    Discussion**

With respect to a prison disciplinary proceeding implicating the infringement of a cognizable liberty interest, such as the loss of good time credits, the minimum due process protections afforded an inmate include: (1) the right to appear before an impartial decision-making body; (2) twenty-four hours advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or if "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2982; and (5) a written statement by the factfinder citing the evidence relied upon and reasons for the disciplinary action taken*. Id*. at 563-71, 94 S.Ct. at 2978-2982.

Where the due process requirements of *Wolff* are met, the DHO's decision is required to be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-56, 105 S.Ct. 2768, 2773-74, 86 L.Ed.2d 356 (1985); *see also Young v. Kann*, 926 F.2d 1396, 1402–03 (3d Cir.1991) (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary

proceedings). The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56, 105 S.Ct. at 2774. Under *Hill*, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. *Id.* at 457, 105 S.Ct. at 2775; *see also* 28 C.F.R. § 541.8(f) (requiring that the DHO's decision be "based upon at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.").

Here the parties do not dispute that Mr. Perez was provided with (1) written notice of the charges at least twenty-four hours prior to any hearing; (2) an opportunity to call witnesses (which he declined); and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. *See Wolff, supra.* The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the DHO. *See Hill, supra.* Mr. Perez clarifies in his Traverse (Doc. 8), that "Defendants have confused Plaintiff's claim," and that he is challenging the DHO's ability to rely "on the lab report of another inmate when he found Plaintiff guilty of the charged offense." (*Id.*, ECF p. 1.)

In the case at hand, it is apparent that the DHO's decision was supported by "some evidence" and that the DHO properly documented the findings that led to the

decision, and the specific evidence relied upon in reaching those findings, as required by 28 C.F.R. § 541.8(f). Mr. Perez suggests that there is no evidence to support a finding of guilt outside of the DHO's reliance on the positive lab results of another inmate. However, a review of the record reveals that there clearly was some evidence to support the DHO's finding that Mr. Perez was guilty of the Use of Any Narcotics Not Prescribed by Medical Staff. First, the DHO relied upon Senior Officer Specialist Ott's report that supervising the collection of Mr. Perez's urine specimen, it "was checked and appeared to have a positive" for opiates. (Doc. 5-1, ECF pp. 11-12.) Second, and most significantly, the DHO relied upon Mr. Perez's own admission at the hearing that the "report is true." (*Id*., ECF p. 19.) This information alone is sufficient evidence to support the DHO's finding.

As for Mr. Perez's contention that the DHO relied upon the positive toxicology report of another inmate to find him guilty, his assertion is unsupported. While the DHO erroneously noted that he relied upon the "National Toxicology Laboratories Inc. Report for MARCIAL-SANTOS #23125-069," he simultaneously and correctly references the date of Mr. Perez's urine sample, the initial positive test result, the Specimen ID number originally assigned to Mr. Perez's urine sample, and the positive National Toxicology report which is identified, not by inmate name, but by the specimen number that matches that assigned to Mr. Perez's sample. *See Id*., p. 12 and p. 13.

To the extent Mr. Perez asserts that the existence of "gaping holes" in the BOP's chain of custody in the handling of his urine specimen, the evidence in the record does not support his assertion. A review of the Chain of Custody Form

reveals that Mr. Perez's sample was collected and sealed in his presence, as verified by Mr. Perez. The DHO reviewed the National Toxicology Laboratory Report, which matches the specimen sample noted on the Chain of Custody Form, which states that Mr. Perez's urine sample was positive for opiates (morphine).

In sum, notwithstanding Mr. Perez's assertion that the DHO erroneously made reference to the toxicology report of another inmate, a review of the record reveals that the DHO clearly had some evidence, which had an indicia of reliability (Mr. Perez's admission, the initial positive test result, and the toxicology report matching Mr. Perez's specimen number), to support his decision. The Court's responsibility under *Hill* is not to weigh this evidence or assess its probative value, but merely to determine that at least some evidence exists to support the conviction, *Hill*, 472 U.S. at 455, 105 S.Ct. at 2775, a standard readily satisfied here. Accordingly, the DHO's determination must be upheld.

As for Mr. Perez's motion for discovery, it will be denied. A habeas corpus petitioner must obtain leave of court in order to engage in discovery under the Federal Rules of Civil Procedure. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Discovery is available in habeas corpus proceedings at the discretion of the court for "good cause" shown. (*Id.*) "Good cause" is demonstrated when the petitioner establishes a prima facie claim for relief, and a petitioner's claims are specific, not merely speculative or conclusory. *Murphy v. Johnson*, 205 F.3d 809 (5th Cir. 2000). In order to establish "good cause," a petitioner must point to specific

evidence that might be discovered that would support a constitutional claim. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir.1994). Here, Mr. Perez seeks information concerning the number of false positive urine test results by FCI Allenwood, all test results bearing his name and registration number, a list of all the over-the-counter medications and foods that could yield a false positive urine, and a copy of the BOP's guidance to prison officials to prevent cross contamination and false positive readings. (Doc. 7.) Based on Mr. Perez's admission of guilt, he has failed to demonstrate good cause as to why the requested materials should be produced. Based on a review of the record, it appears that the relevant evidence required to make a full and fair disposition of this action has already been provided to this court. Consequently, since Mr. Perez has failed to establish good cause as required under Rule 6, his request to undertake discovery will be denied.

Likewise, Mr. Perez's Motion for Judicial Intervention (Doc. 9) will be denied. Mr. Perez alleges that DHO Bittenbender has altered documents and "reinstituted" administrative remedy procedures against him "for the exact alleged violation that is the subject of this action." (*Id.*) What is meant by these allegations is uncertain. Moreover, Mr. Perez did not brief his motion as required by Pa. M.D. Local Rule 7.5. As such, the motion will be dismissed.

**V.	Conclusion**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) will be denied.  Since a certificate of appealability is not needed to appeal this dismissal of a habeas petition filed under § 2241, *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009), Mr. Perez need not apply for one with this Court or the Third Circuit Court of Appeals before seeking to appeal this decision.

An appropriate Order follows.


       /s/ A. Richard Caputo
      **A. RICHARD CAPUTO**
      **United States District Judge**

**Date:  October 8 , 2013**